UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANGEL ELIZABETH WILDS,**

   **Plaintiff,**

v.                Case No:   6:14-cv-1117-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**

# MEMORANDUM OF DECISION

Angel Elizabeth Wilds (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for a period of disability and Social Security Disability Insurance benefits. Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to apply the correct legal standards to the opinion of Dr. James R. Boone, Ph.D, a consultative examining neuropsychologist.  Doc. No. 17 at 16-19.[1]   For the reasons that follow, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**  <u>**THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**</u>

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

---

[1] Claimant also argues that the Appeals Council erred when it denied Claimant's request for review.   Doc. No. 17 at 10-16.

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II.   STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well

as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   ANALYSIS.

At the center of this dispute is the ALJ's handling of the medical opinion evidence from Dr. James R. Boone, Ph.D.  Doc. No. 17 at 16-20; R. 391-393 (Dr. Boone's opinion).  Claimant argues that the ALJ failed to apply the correct legal standard to Dr. Boone's opinion (R. 391-393) because the ALJ failed to state with particularity the weight given to it and the reasons therefor.  Doc. No. 17 at 16-19.  The Commissioner concedes that Dr. Boone's opinion constitutes a medical opinion and acknowledges that the ALJ failed to state with particularity the weight given to Dr. Boone's opinion, but the Commissioner argues that the ALJ "implicitly discounted" the opinion and, therefore, any error is harmless.  Doc. No. 17 at 19-20.  For the reasons that follow, the Commissioner's argument is rejected.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability.  In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy."  *Gaskin v. Commissioner of Social Security*, 533 F. App'x. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[2]  In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176,

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement constitutes an opinion, which requires the the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"  *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

Based on the forgoing, an ALJ may not "implicitly discount" any medical opinion, but is required to state with particularity the weight given to it and the reasons therefor.  *See Winschel*, 631 F.3d at 1179-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Social Sec. Admin*., -- F. App'x --, 2015 WL 5166045 at *2 (11th Cir. Sept. 4, 2015) (unpublished) (reversible error for ALJ to fail to state weight given to non-examining physician's opinion).  In this case, while the ALJ discussed Dr. Boone's opinion, the ALJ failed to state the weight given to it and the reasons therefor.  *See* R. 22; Doc. No. 17 at 19-20 (Commissioner acknowledging same).  Thus, the ALJ failed to apply the correct legal standard to Dr. Boone's opinion.

Moreover, in this case, the ALJ's error is not harmless.  *See Winschel*, 631 F.3d at 1179. Dr. Boone, after conducting multiple objective tests, opined that Claimant is diagnosed with Major Depressive Disorder; recurrent with mild to moderate anxiety and mild cognitive difficulties; and

Dr. Boone recommended that Claimant undergo weekly psychotherapy sessions. R. 393. However, at step two, the ALJ found that Claimant does not have any severe mental impairment and the ALJ included no non-exertional limitations into the ALJ's residual functional capacity assessment. R. 20-25. As Dr. Boone's opinion conflicts with the ALJ's finding at step-two, the ALJ's error in failing to apply the correct legal standard to Dr. Boone's opinion is not harmless. *See also MacGregor*, 786 F.2d at 1053. Accordingly, the case must be reversed and remanded for further proceedings.[3]

### IV.   CONCLUSION.

Based on the forgoing, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE and ORDERED** in Orlando, Florida on September 10, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[3] The ALJ's error with respect to Dr. Boone's opinion is dispositive of this case. *See supra* pp. 3-4. Therefore, it is unnecessary to address Claimant's remaining argument that the Appeals Council also erred. Doc. No. 17 at 10-16. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Social Sec. Admin.*, -- F. App'x --, 2015 WL 5166045, at *3 (11th Cir. Sept. 4, 2015) (unpublished) (no need to analyze other issues when case must be reversed due to other dispositive errors).

The Court Requests the Clerk
Mail or Deliver Copies to:

The Honorable Robert D. Marcinkowski
Office of Disability Adjudication and Review
SSA ODAR Hearing Office
3505 Lake Lynda, Drive
Orlando, FL 32817-9801